J-S28038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAVIER ANTONETTY-RODRIGUEZ, | : | |
| | : | |
| Appellant | : | No. 1860 MDA 2017 |

Appeal from the PCRA Order November 20, 2017
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0003057-2009

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 21, 2018**

Javier Antonetty-Rodriguez ("Antonetty-Rodriguez"), *pro se*, appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 24, 2011, a jury convicted Antonetty-Rodriguez of first-degree murder, criminal conspiracy, firearms not to be carried without a license, and possession of an instrument of crime.[1]  On February 16, 2011, the trial court sentenced Antonetty-Rodriguez to life in prison without the possibility of parole.  This Court affirmed Antonetty-Rodriguez's judgment of sentence on May 25, 2012.  **See Commonwealth v. Antonetty-Rodriguez**,

---

[1] Relevant to the instant appeal, the Commonwealth had presented at trial the testimony of Antonetty-Rodriguez's co-conspirator, Jose Correa-Sanchez ("Correa-Sanchez").  After Antonetty-Rodriguez's conviction, Correa-Sanchez entered into a negotiated guilty plea concerning his involvement in the murder that Antonetty-Rodriguez had perpetrated.

50 A.3d 252 (Pa. Super. 2012) (unpublished memorandum). Antonetty-Rodriguez did not seek allowance of appeal with the Pennsylvania Supreme Court.

Antonetty-Rodriguez, *pro se*, filed his first PCRA Petition on February 8, 2013. The PCRA court appointed Antonetty-Rodriguez counsel, who subsequently filed a Petition to Withdraw as counsel and a **Turner**/**Finley**[2] "no-merit" letter. The PCRA court permitted counsel to withdraw, and dismissed Antonetty-Rodriguez's Petition without a hearing on April 29, 2013. Antonetty-Rodriguez untimely appealed the dismissal, after which this Court quashed the appeal.

Antonetty-Rodriguez filed a second, *pro se* PCRA Petition on March 28, 2016. The PCRA court thereafter permitted Antonetty-Rodriguez to file an Amended PCRA Petition, which Antonetty-Rodriguez filed, *pro se*, on April 7, 2017.

After conducting an evidentiary hearing (hereinafter the "PCRA Hearing"), the PCRA court issued a Notice on September 29, 2017, announcing its intent to dismiss the PCRA Petition as being untimely and not subject to any of the statutory time-bar exceptions. On November 20, 2017, the PCRA court entered an Order dismissing the PCRA Petition. Antonetty-Rodriguez then filed a timely Notice of Appeal, simultaneously with a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Antonetty-Rodriguez now presents the following issues for our review:

1. Did the PCRA Court err in dismissing the PCRA [P]etition where the PCRA [P]etition's claim met the statutory time-bar exception for newly-discovered facts?

2. Was [a] Commonwealth[] witness['s, *i.e.*, Correa-Sanchez,] testimony [presented] in exchange for a more beneficial outcome in his own case?

Brief for Appellant at 4 (issues renumbered). We will address Antonetty-Rodriguez's issues together, as they are interrelated.

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. **Id.**

Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, Antonetty-Rodriguez concedes that his instant PCRA Petition is facially untimely, as he filed it over 3½ years after June 2012, when his judgment of sentence became final.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these

exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Antonetty-Rodriguez invokes the newly-discovered facts exception, set forth at section 9545(b)(1)(ii). To prove this exception, "the petitioner must establish that the facts upon which the claim was predicated were unknown and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

Here, Antonetty-Rodriguez asserts that he uncovered "newly discovered facts" in the form of a number of newspaper articles that were published in the Reading Eagle newspaper in February 2011 (collectively "the articles"),[3]

---

[3] The articles stated, *inter alia*, that Correa-Sanchez had testified against Antonetty-Rodriguez at trial, and that, *after* Antonetty-Rodriguez's conviction on January 24, 2011, Correa-Sanchez had entered into a negotiated guilty plea concerning his involvement in the shooting. Antonetty-Rodriguez points out that Correa-Sanchez testified at Antonetty-Rodriguez's trial that the Commonwealth had not given him "any offer or deal" in exchange for his testimony. Brief for Appellant at 8. Antonetty-Rodriguez maintains that he did not learn of the articles until February 27, 2016, when his brother brought them to his attention. *Id.* at 9; *see also id.* (wherein Antonetty-Rodriguez asserts that he presented the articles, as newly discovered facts, within 60 days of his discovery of them, in his PCRA Petition filed on March 28, 2016).

- 4 -

which he attached as exhibits to his second PCRA Petition. *See* Brief for Appellant at 8-10. According to Antonetty-Rodriguez, the articles revealed that the prosecution failed to correct the false testimony of Commonwealth witness Correa-Sanchez during Antonetty-Rodriguez's trial. *See id.* Antonetty-Rodriguez additionally points out that the Commonwealth attorney who prosecuted his case testified at the PCRA Hearing that, although there was no express agreement between Correa-Sanchez and the Commonwealth in exchange for his testifying at Antonetty-Rodriguez's trial, "it was certainly relayed to [Correa-Sanchez] that his cooperation was going to be given the utmost consideration by my office." N.T., 8/7/17, at 10; *but see also id.* (wherein the prosecutor explained that "the specific plea bargain [made to Correa-Sanchez] … had not been tendered until **after** [Antonetty-Rodriguez's] trial was over." (emphasis added)).

In its September 29, 2017 Notice, the PCRA court cogently addressed Antonetty-Rodriguez's claim as follows:

> "[T]he newly discovered evidence exception, set forth in Section 9545(b)(1)(ii)[,] … merely requires that the 'facts' upon which … a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." ***Commonwealth v. Lambert***, 584 Pa. 461, 467, 884 A.2d 848, 852 (2005). There had [previously] been a presumption that information was not "unknown" if the information was a matter of public record. ***Commonwealth v.*** [***Taylor***], 67 A.3d 1245[, 1248] (Pa. 2013). [Antonetty-Rodriguez], however, cites ***Commonwealth v. Burton***[, 158 A.3d 618 (Pa. 2017),] which recently changed the presumption. Under ***Burton***[,] when a defendant is *pro se*, the public records rule does not apply. [***See id.*** at 638.] Yet it is unclear whether the ***Burton*** presumption applies to [Antonetty-Rodriguez] in this case. [Antonetty-

- 5 -

Rodriguez] **was** represented at the time that the information[, *i.e.*, the articles,] became available. He had representation for at least a full year after the article[s] [were] written. The **Burton** decision does not address when the presumption applies to defendants who had an attorney and then later become *pro se*. In a footnote of the **Burton** dissent, the Minority wrestles with this very question:

"It is unclear to me from the Majority Opinion at what stage an incarcerated PCRA petitioner must be *pro se* to qualify for the exception to the public record presumption. For example, to benefit from this exception, does the incarcerated petitioner have to be *pro se* when the "unknown fact" occurred, when it became publicly accessible, or when he files his PCRA petition? … In this case, we have no idea when exactly [Burton] had or did not have counsel."

[] **Burton**, 158 A.3d [at] 639 [n.3 (Baer, J. dissenting)].

It is clear [] that [Antonetty-Rodriguez] had representation at the time that the information became available. **Burton** also made clear that, "[a] *pro se* incarcerated PCRA petitioner is still required to prove that the facts upon which his claim of a timeliness exception under subsection 9545(b)(1)(ii) is based were unknown to him and not ascertainable by the exercise of due diligence." *Id.* at 638. [Antonetty-Rodriguez's] only argument in his [PCRA] Petition as to why he was unable to discover the article[s] through due diligence is that he did not have internet access. All that being true, it is also true that he received the article[s] in the mail from his brother. He did not receive notice of the article[s] for five years. If he had relatives with access to the internet, it is unclear why [Antonetty-Rodriguez] has failed to receive news of [the] article[s] for such a long time. [Antonetty-Rodriguez] supplies no evidence that he directed his family to search in the intervening years, or that he made any attempt on his own. Thus, [Antonetty-Rodriguez] has failed to establish that he exercised due diligence in obtaining the information from the newspaper article[s]. For this reason, the Petition is untimely.

Even if [Antonetty-Rodriguez] were successful in establishing a newly-discovered fact exception to his untimely PCRA [Petition], he would still fail on the merits of his argument. [Antonetty-Rodriguez] supplies no evidence that there was a deal

made between the Commonwealth and [Correa-Sanchez]. The articles that [Antonetty-Rodriguez] supplies as proof only indicate that [Correa-Sanchez] "hoped" for a deal and that a deal had been reached **after** [Antonetty-Rodriguez's] trial was complete. Therefore, when [Correa-Sanchez] stated at trial that he had not made a deal **at that time**, his testimony was truthful. The Commonwealth state[d] on the record[, *i.e.*, at the PCRA Hearing,] that there was no deal at the time of [Correa-Sanchez's] testimony, and [Antonetty-Rodriguez] admit[ted] no evidence to contradict that assertion.

Order and Notice, 9/29/17, at 4-6 (some emphasis in original; other emphasis added). The PCRA court's sound rationale is supported by the law and the record, and we therefore affirm on this basis in determining that neither of Antonetty-Rodriguez's issues entitles him to collateral relief.

We conclude that the record supports the PCRA court's dismissal of Antonetty-Rodriguez's second PCRA Petition, and discern no error of law.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/21/2018